**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 11-8105-PCT-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joe Freeman, Sr., | ) | |
| Defendant. | ) | |

The court has before it the Federal Public Defender's Motion for Reconsideration (doc. 34) of our Order of June 21, 2012 (doc. 32). Counsel relies on 28 U.S.C. § 1827(j), which includes pre-trial proceedings within the definition of judicial proceedings under §1827(d)(1). But no one disputes that. The clerk's Order of December 6, 2011 (doc. 19) expressly stated that the defendant was "not required to appear in person at the conference" scheduled for December 20, 2011. That is because status conferences are held to discuss with counsel the trial readiness of a case, whether the case will plead, and the status of discovery. These are issues for counsel and the court. Rule 43(b)(3), Fed. R. Crim. P. makes it quite clear that the defendant's presence is *not* required where a conference is held to go over legal matters.

This court concluded it did not need the defendant at the conference. Indeed, rarely is a client present at a status conference in this District. Counsel disagreed, apparently, and asked to have his client present, along with an interpreter. But then counsel did not use the

1  interpreter. Counsel advised the clerk that the interpreter would "just stand by". The
2  proceeding concluded in less than three minutes without the defendant's or the interpreter's
3  participation. The interpreter billed the court for $210.00. Counsel abused the process. In
4  this difficult fiscal period, court resources should be used only when reasonable and
5  necessary. Counsel cannot unilaterally waste judicial resources.

6      Counsel's motion suggests that just because an interpreter can be used at a pre-trial
7  conference, the court must pay for one. But when the court tells counsel, as here, that the
8  defendant's presence is not required, and counsel chooses to have his client present anyway,
9  orders an interpreter and doesn't use that interpreter, there is no satisfactory authority for the
10 proposition that the court must approve payment under 28 U.S.C. §1827(h).

11     Defense costs constitute approximately one-seventh of the budget of the Judicial
12 Branch. And they continue to rise. Counsel and the court must work cooperatively to use
13 limited resources wisely. It is ORDERED DENYING defense counsel's Motion for
14 Reconsideration. (Doc. 34).

15     DATED this 28th day of June, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -