1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,   ) | CR 11-8105-PCT-FJM |
|     Plaintiff,   ) | **ORDER** |
| vs.   ) | |
| Joe Freeman, Sr.,   ) | |
|     Defendant.   ) | |

We now have before us the Federal Public Defender's Second Motion for Reconsideration. (Doc. 38). It is remarkable for two reasons. First, in nearly 28 years of judging, this is the first *second* motion for reconsideration we have seen. Parties take "no" for an answer after a motion for reconsideration is denied. But not here. Second, the Federal Public Defender makes extravagant claims, unsupported by the record, reason and experience.

The Federal Public Defender argues that the record does not support the finding that defense counsel "abused the process". But it does. This court supplies interpreters for court proceedings, not conversations between counsel and the client. It was defense counsel's obligation to supply an interpreter for client communications. The contention that counsel anticipated that a plea proceeding would take place is unreasonable. There were six matters scheduled between 3:00 PM and 4:00 PM on December 20, 2011. This case was allotted time for a simple status conference, not an unscheduled plea proceeding. Other lawyers and litigants should not have to bear the delay caused by a last minute interruption. Counsel's "hope", Motion at 2, that we could hold a change of plea does not justify asking for a court

interpreter for a status conference at which the defendant was not expected to be present.

Counsel contends that the order to pay for the interpreter is a sanction under LRCiv 83.1(f). It is not. LRCiv 83.1(f) by its own terms applies only to those who violate the rules of court or fail to appear or be prepared for a proceeding. That did not occur here. In contrast, our order is an exercise of the court's authority to bill those who order services that are neither reasonable nor necessary under 28 U.S.C. §1827(g)(4)(interpreting services not otherwise provided on a cost-reimbursable basis). It was not reasonable for defense counsel to ask for a Navajo interpreter to assist him in communicating with his client, or in anticipation of an unscheduled and uncalendared event. The interpreter was not used at the status conference. In contrast to Spanish interpreters, Navajo interpreters are difficult to schedule and are paid on a half day basis for even 1 minute. The Director of the Administrative Office of the United States Courts makes payments to the Federal Public Defender for budgeted matters under 18 U.S.C. §3006A(g)(2)(A). This court does not supplement those amounts.

In contrast to the groundless contentions in the Second Motion for Reconsideration, there has been no erroneous interpretation of the record, no unnoticed sanction, no denial of an opportunity to be heard and no denial of due process. The mere statement of these contentions reveals how outrageous they are. This is a simple matter. Defense counsel's approach to the use of scarce judicial resources was ill considered. His organization should reimburse the court.[1] Accordingly, it is ORDERED DENYING the Federal Public Defender's Second Motion for Reconsideration. (Doc. 38).

DATED this 18th day of July, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] We realize that reimbursement means the reallocation of Judiciary funds from one line item to another, but this order may support accurate budgeting and promote best practices in the use of non- Spanish speaking interpreters.